```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | |
|---|---|
| IN RE MENTOR CORP. OBTAPE | * MDL Docket No. 2004 |
| | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * |
| | Case Nos. |
| LIABILITY LITIGATION | * 4:13-cv-130 (Thielke) |

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Margaret Thielke was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Mrs. Thielke brought a product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Mrs. Thielke also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Her husband Allan brought a loss of consortium claim. Mentor seeks summary judgment on the Thielkes' claims, contending that they are time-barred. For the reasons set forth below, Mentor's summary judgment motion (ECF No. 38 in 4:13-cv-130) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Mrs. Thielke sought treatment for stress urinary incontinence from Dr. Gregory Anderson.  Dr. Anderson recommended a sling implant, and he implanted Mrs. Thielke with ObTape on December 8, 2004.  In May 2009, Mrs. Thielke visited Dr. Kelli Wehman-Tubbs complaining of vaginal odor and discharge.  Dr. Wehman-Tubbs found a foreign object coming through Mrs. Thielke's vaginal wall that Dr. Wehman-Tubbs described as a white "medical tape."  She believed it was highly likely that the tape was Mrs. Thielke's ObTape.  Wehman-Tubbs Dep. 25:24-26:3, 28:21-29:5, ECF No. 38-8 in 4:13-cv-130.  Dr. Wehman Tubbs removed several centimeters of the medical tape, which had a distinct smell.  Dr. Wehman-Tubbs disposed of the tape without testing it and referred Mrs. Thielke to Dr.

2

Anderson for further evaluation. Mrs. Thielke's discharge and odor stopped within a week of the removal procedure.

Mrs. Thielke returned to Dr. Anderson in July 2009, who recommended that Mrs. Thielke not undergo another sling procedure because she had suffered a sling erosion, which likely left scar tissue that would make another sling placement difficult. By July 2009, when Mrs. Thielke had her follow-up treatment with Dr. Anderson, Dr. Anderson understood that ObTape had been withdrawn from the market and that ObTape's pore size was "too small." Lewis Decl. Ex. F, Clinic Office Note (July 22, 2009), ECF No. 38-9.

The Thielkes are Wisconsin residents, and Mrs. Thielke's ObTape-related treatment took place in Wisconsin. Mrs. Thielke asserts claims for negligence; strict liability (design defect, manufacturing defect, and failure to warn); breach of implied warranty; breach of express warranty; fraudulent misrepresentation; fraudulent concealment; and negligent misrepresentation. Mr. Thielke asserts a loss of consortium claim. In response to Mentor's summary judgment motion, Mrs. Thielke withdrew her warranty and fraudulent concealment claims, so Mentor is entitled to summary judgment on those claims.

## DISCUSSION

The Thielkes filed their action in this Court on May 10, 2013 under the Court's direct filing order. The parties agreed

that for direct-filed cases, the "Court will apply the choice of law rules of the state where the plaintiff resides at the time of the filing of the complaint."  Order Regarding Direct Filing § II(E), ECF No. 446 in 4:08-md-2004.  The Thielkes live in Wisconsin, and all of Mrs. Thielke's ObTape-related treatment took place in Wisconsin.  The parties agree that Wisconsin law applies to the Thielkes' claims.

Wisconsin has a three-year statute of limitations for personal injury claims.  Wis. Stat. 893.54(1m)(a).  "[U]nder Wisconsin law, a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only the fact of injury but also that the injury was probably caused by the defendant's conduct or product."  *Borello v. U.S. Oil Co.*, 388 N.W.2d 140, 146 (Wis. 1986); *accord Hansen v. A.H. Robins, Inc.*, 335 N.W.2d 578, 583 (Wis. 1983) (adopting discovery rule: "tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first").  In *Baldwin v. Badger Mining Corp.* 663 N.W.2d 382, 386-87 (Wis. Ct. App. 2003), for example, a foundry worker developed silicosis, and his doctor told him that the disease had resulted from his inhalation of silica dust at work.  The worker brought a claim against the manufacturer of silica-containing products he was exposed to at work.  He argued that his claim against the

4

manufacturer did not accrue until he became aware that the manufacturer had recommended the wrong type of respirator for him and other workers.  The Wisconsin Court of Appeals rejected that argument and concluded that the worker's claim against the manufacturer accrued when he learned that he had silicosis caused by inhalation of silica dust at work.  *Id.* at 313.

Here, Mrs. Thielke contends that she did not learn of a connection between ObTape and her injuries until 2011 when she saw a television commercial regarding mesh complications.  But Mrs. Thielke knew or should have known that she suffered some injuries caused by ObTape well before then.  Mrs. Thielke knew in May 2009 that Dr. Wehman-Tubbs removed a piece of white medical tape that was coming through Mrs. Thielke's vaginal wall.  Within a week after the removal, Mrs. Thielke's discharge and odor symptoms stopped.  Mrs. Thielke does not dispute that she had a piece of medical tape removed from her body or that her discharge symptoms stopped shortly after it was removed.  She does not dispute that both of her doctors believed the tape was ObTape and that its erosion caused Mrs. Thielke's discharge symptoms.  Thus, even if Mrs. Thielke honestly did not suspect that the white medical tape that was removed from her body was ObTape, her doctors concluded that Mrs. Thielke had suffered an ObTape erosion and would have told her so had she asked them.

Mrs. Thielke argues that her claims did not accrue in 2009 because neither doctor told her that her injuries were related to a defect in ObTape. But Mrs. Thielke had enough information to know of a connection between ObTape and at least some of her injuries by July 2009. A plaintiff must exercise reasonable diligence to discover her claim, "which means such diligence as the great majority of persons would use in the same or similar circumstances." *Spitler v. Dean*, 436 N.W.2d 308, 311 (Wis. 1989). "Plaintiffs may not close their eyes to means of information reasonably accessible to them and must in good faith apply their attention to those particulars which may be inferred to be within their reach." *Id.* "[W]hen the facts and reasonable inferences that can be drawn from the facts are not in dispute, whether a plaintiff has exercised reasonable diligence is a question of law." *Hennekens v. Hoerl*, 465 N.W.2d 812, 819 (Wis. 1991). In 2009, both Dr. Wehman-Tubbs and Dr. Anderson believed that Mrs. Thielke's ObTape had eroded and caused her discharge symptoms. Had Mrs. Thielke simply asked one of her doctors about their findings in 2009 or if she had asked for a copy of her medical records, she would have learned what her doctors noted in her file: that the doctors believed she had suffered an ObTape erosion, that they believed her discharge symptoms were caused by the erosion, and that Dr. Anderson understood that ObTape had been withdrawn from the

6

market because of problems in other patients. In other words, had Mrs. Thielke exercised even the slightest diligence in 2009 by asking her doctors a few questions about what they found when they examined her or by seeking a copy of her medical records, she would have understood that there was a connection between ObTape and some of her injuries. She also would have understood that ObTape had been withdrawn from the market and that Dr. Anderson understood that the withdrawal was due to problems with the product. For all of these reasons, the Court concludes that Mrs. Thielke's claims accrued in July 2009. She did not bring her claims within three years, so her claims are time-barred. Mr. Thielke's loss of consortium claim fails because Mrs. Thielke's claims fail. *Blunt v. Medtronic, Inc.*, 760 N.W.2d 396, 404 (Wis. 2009) (noting that loss of consortium claims are derivative and can only be considered if the injured spouse's claims are viable).

## CONCLUSION

As discussed above, Mentor's summary judgment motion (ECF No. 38 in 4:13-cv-130) is granted.

IT IS SO ORDERED, this 19th day of April, 2016.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA